(915 P.2d 788)
No. 72,882

STATE OF KANSAS, *Appellee,* v. GARRY L. SAMMONS, *Appellant.*

—

Opinion filed May 3, 1996.

*Edward G. Collister, Jr.,* special appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Garry L. Sammons,* appellant pro se.

*Steven J. Obermeier,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before BRAZIL, C.J., KNUDSON, J., and C. FRED LORENTZ, District Judge, assigned.

KNUDSON, J.: The defendant, Garry L. Sammons, appeals the district court's denial of his motions to modify sentence and for conversion under the Kansas Sentencing Guidelines Act (KSGA).

Sammons contends that the district court erred in refusing to consider his second motion to modify his sentences, ostensibly filed under K.S.A. 21-4603(d)(2). However, Sammons subsequently filed a third motion to modify sentence, which was heard and decided by the court on its merits. Consequently, this issue has been rendered moot.

Sammons next contends that the district court erred in denying his motion for conversion of sentence under the KSGA. We agree and remand for additional proceedings under K.S.A. 21-4724 consistent with the reasoning expressed in this opinion.

Sammons was convicted in the underlying Johnson County District Court proceedings, case number K71083, of three counts of burglary, three counts of felony theft, and two counts of misdemeanor criminal damage to property. The district court imposed

appropriate indeterminate sentences for each felony conviction, and Sammons was incarcerated. After the enactment of the sentencing guidelines on July 1, 1993, the Department of Corrections (DOC) submitted a sentencing guidelines report, indicating Sammons was not eligible for retroactive application of the KSGA. That report stated Sammons was currently serving sentences for the following convictions:

| Offense | Case | Severity Level |
|---|---|---|
| 1. Theft | K71083 | 9NP |
| 2. Burglary (3 cts) | K71083 | 7P |
| 3. Drug | 85CR2004 | 4Drug |
| 4. Burglary | 87CR1220 | 7NP |
| 5. Theft | 87CR1220 | 9NP |
| 6. Burglary | 87CR1358 | 7NP |

The DOC concluded that each of the above severity levels did not preclude retroactive application of the KSGA. The DOC's determination is entirely consistent with K.S.A. 21-4724(b)(1) and (c)(1).

The DOC then determined Sammons' current total criminal history and intersected that history with the highest ranking criminal offense for which he was incarcerated to determine the appropriate sentencing grid box and whether he was eligible for conversion. It is at this juncture we believe that the DOC miscalculated.

For the severity level axis of the sentencing guidelines grid, the DOC used the base offense with the highest severity level ranking, "Drug" level 4. With the exception of the drug case, all of the above offenses and an earlier burglary offense were then used to determine criminal history on the horizontal axis. Thus, the DOC concluded that Sammons had one prior person felony and three nonperson felonies, which placed him in the noneligible drug grid box 4D.

The obvious difficulty with that approach is that a substantial part of Sammons' criminal history did not exist when Sammons committed the drug offense. Thus, the DOC's determination of eligibility was erroneous.

We hold that in determining an inmate's eligibility for conversion, the DOC must first determine the most serious guidelines severity level for each sentencing event under which the offender is incarcerated and then determine the offender's criminal history existing at the time of each sentencing event.

To illustrate, based solely upon the information provided in the record, Sammons' eligibility would be determined as follows:

| Conviction Event | Severity Level | Criminal History | Eligibility |
|---|---|---|---|
| K71083 | 7P | 5NP (E) | Yes |
| 85CR2004 | 4(Drug) | 0    (I) | Yes |
| 87CR 1220 | 7NP | 1NP (G) | Yes |
| 87CR1358 | 7NP | 2NP (F) | Yes |

We emphasize that the above chart is merely illustrative. Upon receipt of the mandate from this court, both parties are to be afforded reasonable opportunity under the KSGA, consistent with this opinion, to supplement pleadings and begin anew to consider Sammons' eligibility for sentence conversion.

We have reviewed the supplemental brief filed by Sammons pro se. We do not find any additional issues he raises to have merit.

Reversed and remanded with instructions that a hearing be held pursuant to K.S.A. 21-4724(d)(2) and consistent with this opinion.