**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

GARRY SAMMONS,

　　　　Plaintiff - Appellant,

v.

MICHAEL A. NELSON, CHARLES
SIMMONDS, NICK A. TOMSIC,
KANSAS DEPARTMENT OF
CORRECTIONS, and STATE OF
KANSAS,

　　　　Respondents - Appellees.

No. 97-3182

(D. Kansas)

(D.C. No. 96-3571-DES)

ORDER AND JUDGMENT*

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

The court has before it the application of Garry Sammons for a certificate of appealability with respect to the district court's dismissal, without prejudice, of Mr. Sammons' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

The district court dismissed Mr. Sammons' petition for failure to exhaust state remedies, noting that Mr. Sammons' own pleadings indicate he has a relevant state habeas action pending in the Butler County District Court, Case No. 96-C-224. R. Vol. I, Tab 3 at 4. In two motions in the district court, Mr. Sammons argued that the Kansas Supreme Court has denied a subsequently filed habeas petition in case #96-77700-S. Id.; R. Vol. I, Tab 10 at 3. However, neither in his pleadings before the district court, nor in his brief to us, does he allege that this decision superseded the still-pending action in Butler County.

Taking another approach, Mr. Sammons alleges that, in any event, "his circumstances render any state remedies ineffective" and that his case "presents the unusual situation of his claims not being considered by the state courts until any possibility of meaningful relief has passed." Id., Tab 3 at 11.

This allegation appears to be directed more to the process by which he obtained the reversal of prior sentencing rulings through his primary case, State v. Sammons, 915 P.2d 788 (Kan. Ct. App. 1996), than to the unavailability of state

---

[1]Although Mr. Sammons styled his original petition as a petition for a writ of mandamus, because he sought release from prison, the district court properly construed the pleading as a habeas petition pursuant to 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

court habeas remedies. In any event, his conclusory allegation is insufficient to convince us that the district court erred in dismissing his petition or in denying his motion to reconsider.

In order to qualify for a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Mr. Sammons has failed to make such a showing.

Accordingly, we DENY the application for a certificate of appealability and DISMISS the appeal. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge